Cardenas-Zepeda v. Bondi

BIA
Reid, IJ
A220 569 215/216

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 11ᵗʰ day of August, two thousand twenty-five.

PRESENT:
> GUIDO CALABRESI,
> REENA RAGGI,
> JOSEPH F. BIANCO,
>> *Circuit Judges.*

_____

DANNIA YESELYN CARDENAS-ZEPEDA, LEONEL ANDRE BETANCO-CARDENAS,

> *Petitioners*,

> v.

PAMELA BONDI, UNITED STATES ATTORNEY GENERAL,

> *Respondent.*

24-215
NAC

_____

FOR PETITIONERS:        Joshua Bardavid, Esq., New York, NY.

FOR RESPONDENT:        Brian M. Boynton, Deputy Principal Assistant
                       Attorney General; Edward E. Wiggers, Senior
                       Litigation Counsel; Rachel P. Berman-
                       Vaporis, Trial Attorney, Office of
                       Immigration Litigation, United States
                       Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioners Dannia Yeselyn Cardenas-Zepeda and her minor son, natives and citizens of Honduras, seek review of a BIA decision affirming an Immigration Judge's ("IJ") denial of Cardenas-Zepeda's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Cardenas-Zepeda, et al.*, Nos. A 220 569 215/216 (B.I.A. Dec. 20, 2023), *aff'g* Nos. A 220 569 215/216 (Immigr. Ct. N.Y. City Aug. 19, 2022). We assume the parties' familiarity with the underlying facts and procedural history.

Under the circumstances, we have considered the IJ's decision as modified by the BIA, *i.e.*, minus the internal relocation determination that the BIA declined to reach. *See Xue Hong Yang v. U.S. Dep't of Just.*, 426 F.3d 520, 522 (2d Cir. 2005). We review factual findings for substantial evidence and questions of law de novo.

2

*See Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009). "[T]he administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B). Substantial evidence supports the agency's conclusions that Cardenas-Zepeda failed to establish a nexus between a gang's threats to harm her and her family if her partner did not meet extortion demands and a protected ground, or that gang members would more likely than not torture her.

## I. Asylum and Withholding

An applicant for asylum and withholding of removal must establish past persecution or a fear of future persecution and that "race, religion, nationality, membership in a particular social group, or political opinion was or will be at least one central reason for persecuting the applicant." 8 U.S.C. § 1158(b)(1)(B)(i); *see also* 8 C.F.R. §§ 1208.13(b), 1208.16(b); *Quituizaca v. Garland*, 52 F.4th 103, 105–06 (2d Cir. 2022) (holding that "one central reason" standard applies to both asylum and withholding). Where, as here, an applicant seeks relief based on membership in a particular social group, she must show both that the group is cognizable and she was targeted on account of membership in the group. *See Paloka v. Holder*, 762 F.3d 191, 195 (2d Cir. 2014).

3

"[W]here there is more than one motive for mistreatment . . . , an applicant's status as a member of a particular social group . . . must be at least one of the central reasons, rather than a minor reason, for why that individual is being targeted." *Garcia-Aranda v. Garland*, 53 F.4th 752, 757 (2d Cir. 2022). "The fact that a persecutor has threatened an applicant and members of his or her family does not necessarily mean that the threats were motivated by family ties." *Id.* (quotation marks and brackets omitted). Rather, an "applicant must . . . show, through direct or circumstantial evidence, that the persecutor's motive to persecute arises from the applicant's" protected characteristic. *Yueqing Zhang v. Gonzales*, 426 F.3d 540, 545 (2d Cir. 2005); *see also Paloka v. Holder*, 762 F.3d at 196–97 ("Whether the requisite nexus exists depends on the view and motives of the persecutor." (quotation marks omitted)). We review a nexus determination—whether Cardenas-Zepeda's membership in her proposed social groups was one central reason for the threats and extortion—for substantial evidence. *See Edimo-Doualla v. Gonzales*, 464 F.3d 276, 282–83 (2d Cir. 2006).

The social groups in which Cardenas-Zepeda alleges membership are current or former family members of small businessowners who are or have been indebted to gangs in Honduras. Substantial evidence supports the agency's

4

conclusion that Cardenas-Zepeda failed to show that her membership in these groups was a central, rather than a "tangential or incidental" reason, that gangs targeted her. *Garcia-Aranda v. Garland*, 53 F.4th at 758. Cardenas-Zepeda alleged that her partner was extorted by unknown callers to pay a monthly "war tax" to run his honey business, and that the callers threatened to harm him and his family if he did not pay. This reflects that, in using extortion, the callers were principally motivated by a desire to increase their wealth, not by animosity towards Cardenas-Zepeda's family. *Id.* at 757; *Quituizaca v. Garland*, 52 F.4th at 115 (concluding, in case where gang members sought money and property from applicant, that the "evidence established the greater probability that the gang was motivated . . . based on incentives presented to ordinary criminals" (quotation marks omitted)); *cf. Ucelo-Gomez v. Mukasey*, 509 F.3d 70, 73 (2d Cir. 2007) ("When the harm visited upon members of a group is attributable to the incentives presented to ordinary criminals rather than to persecution, the scales are tipped away from considering those people a 'particular social group' within the meaning of the INA."). This failure to establish a nexus between the harm suffered or feared and her proposed social groups is dispositive of the asylum and withholding of removal application. *See Garcia-Aranda v. Garland*, 53 F.4th at 758 (noting that being "targeted for

5

extortion" or the "perceived ability to pay" is not a protected ground for asylum and withholding).

## II.    CAT Relief

There is no nexus requirement for a CAT claim.   A CAT applicant "bears the burden of proving the likelihood of future torture by or with the acquiescence of government officials."   *Quintanilla-Mejia v. Garland*, 3 F.4th 569, 592 (2d Cir. 2021).    An applicant must establish that torture is "more likely than not." 8 C.F.R. § 1208.16(c)(2).   Acquiescence "requires that the public official, prior to the activity constituting torture, have awareness of such activity and thereafter breach his or her legal responsibility to intervene to prevent such activity." *Quintanilla-Mejia v. Garland*, 3 F.4th at 592 (quoting 8 C.F.R. § 1208.18(a)(7)); *Pierre v. Gonzales*, 502 F.3d 109, 118 (2d Cir. 2007) ("A private actor's behavior can constitute torture . . . without a government's specific intent to inflict it if a government official is aware of the . . . conduct and intent and acquiesces in violation of the official's duty to intervene." (emphasis omitted)).

The agency held that Cardenas-Zepeda failed to establish either a likelihood of future torture or that such torture would be by or with the acquiescence of the government.   As the agency concluded and Cardenas-Zepeda does not contest,

6

she did not suffer past torture as she alleged only past threats. *See* 8 C.F.R. § 1208.16(c)(3)(i) (listing past torture as one factor in determining the likelihood of future torture); *KC v. Garland*, 108 F.4th 130, 135 (2d Cir. 2024) ("[U]nfulfilled threats alone rarely qualify as persecution." (internal quotation marks omitted)); *Kyaw Zwar Tun v. INS*, 445 F.3d 554, 567 (2d Cir. 2006) ("[T]orture requires proof of something more severe than the kind of treatment that would suffice to prove persecution."). Although the record reflects a high level of violence in Honduras, it does not establish, as a CAT claimant must, "that someone in [Cardenas-Zepeda's] particular alleged circumstances is more likely than not to be tortured," particularly given that the unknown callers did not act on or escalate the threats and have not harmed her partner, who remains in Honduras. *Mu Xiang Lin v. U.S. Dep't of Just.*, 432 F.3d 156, 160 (2d Cir. 2005) (emphasis and quotation marks omitted).

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

7